UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARIA HOLMES,

    Plaintiff,

v.

BLUESTEM BRANDS, INC. d/b/a FINGERHUT,

    Defendant.

Case No.: 5:16-cv-00810-SL

JURY TRIAL DEMANDED

## COMPLAINT

MARIA HOLMES ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against BLUESTEM BRANDS, INC. d/b/a FINGERHUT ("DEFENDANT"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant regularly conducts business in the Commonwealth of Pennsylvania, thus, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Philadelphia, Pennsylvania 19104.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a corporation with its principal place of business located at 7075 Flying Cloud Drive, Eden Prairie, Minnesota 55344.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone.

11. Plaintiff has only used this phone as a cellular telephone.

12. Beginning in or around late December 2016 and continuing thereafter, Defendant began to contact Plaintiff on her cellular phone multiple times per day.

13. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system.

14. Plaintiff received automated calls that would begin with a noticeable delay before one of Defendant's representatives would speak to her.

15. Plaintiff also received automated voice messages from Defendant.

16. Defendant's telephone calls were not made for "emergency purposes;" rather, Defendant was attempting to collect an account balance.

17. Plaintiff spoke with Defendant in or around early January 2017 and requested that Defendant stop calling her regarding the alleged account balance.

18. Once Defendant was informed that its calls were unwanted, its continued calls could have served no other purpose besides harassment.

19. Defendant proceeded to ignore Plaintiff's revocation and call her cellular telephone multiple times per day.

20. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUNT I
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

21. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

22.     Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

23.     Defendant's calls to Plaintiff were not made for emergency purposes.

24.     Defendant's calls to Plaintiff, on and after early January 2017, were not made with Plaintiff's prior express consent.

25.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

26.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

27.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, MARIA HOLMES, respectfully prays for a judgment as follows:

    a.     All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

  b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

  c. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

  d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

  e. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, MARIA HOLMES, demands a jury trial in this case.

Respectfully submitted,

DATED: January 18, 2017  By: /s/ Amy Lynn B. Ginsburg, Esq.
  Amy Lynn B. Ginsburg, Esq.
  Kimmel & Silverman, P.C.
  30 East Butler Pike
  Ambler, PA 19002
  Telephone: (215) 540-8888
  Facsimile (215) 540-8817
  Email: aginsburg@creditlaw.com
  Attorney for Plaintiff